IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 3:06cr150-MHT |
| | ) | WO |
| ERNEST PIPPIN | ) | |

**ORDER**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on June 22, 2006. Because defendant was previously convicted of a crime of violence, there is a presumption under 18 U.S.C. §3142 that he be detained in this case.

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant's criminal history includes two charges of Sodomy 1st. He pled guilty to Sexual Abuse 1st in both cases in 1991. The victims were defendant's daughters, who were approximately six or seven years old at the time. The charges presently before the court, which include two counts of distribution of child pornography and one count of possession of child pornography, are based on cybertip complaints which alerted authorities to defendant's use of the internet to upload child pornography to two user groups. When defendant's home was searched pursuant to a warrant in 2005, authorities found some 10,000 images on hard drives and floppy discs which they believe to represent child pornography, including known images of identified child victims. Although defendant is a convicted felon, officers also found seven firearms at the residence, several of them loaded. Defendant admitted both uploading and downloading child pornography – practices which he indicated were his "hobby"– since

2002.  Defendant, who is skilled at working with computers, collects various computer components, some of them brought to him by members of the community.  Officers found three computer towers, 18 hard drives (many of them not working), and 200 floppy discs (some of which contained child pornography) at defendant's home during the search.  A collection of various computer components (which may or may not be working) remains at his residence.  Defendant has access to computers at work, and also has a cell phone.

Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably protect the community and that the defendant should be detained.

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 23rd day of June, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE