IN THE CIRCUIT COURT OF THE UNTIED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA,          *

VS.                                *     CASE NO. 3:06-CR-150-MHT

EARNEST PIPPIN.                    *

## MOTION FOR RELEASE ON BOND
## PENDING SENTENCING HEARING

Comes now the Defendant, Earnest Pippin, and does hereby move this Honorable Court to allow him to be released on bond pending his sentencing hearing based on the following:

1. Mr. Pippin's prior offenses were 14 years ago and involved his two children and no person or child in the community.

2. Mr. Pippin underwent court ordered counseling for himself, his family and with his children.

3. Both of his daughters are now adults and both have signed an affidavit, which are attached hereto as Exhibit "A" and "B", in which they say that after Mr. Pippin underwent counseling he never was inappropriate with either of them again and that they do not believe he would be a threat to any other person at this time. His daughters both indicate that they developed a proper father - daughter relationship with their father and have maintained it since that time.

4. Mr. Pippin's employer, Jeffrey Gentry, General Manager of Gentry Machine Works, Inc., indicates that Mr. Pippin if very dependable and hard working and that he never showed any indication of the kind of behavior he is being charged with. See Exhibit "C" as attached hereto.

5. Mr. Pippin is a long time residence of the area and his family is located here. His sister, Julia Webster, has indicated that she would be willing to supervise if the Court feels that it is necessary. See Exhibit "D" as attached hereto.

6. Mr. Pippin has no where to go if released and has no money or funding on which to attempt to leave the area.

7. Mr. Pippin is 57 years of age. If sentenced to the minium being set forth in the Plea Agreement he would be 68 years old upon his release. Therefore, any time Mr. Pippin can have in the community attempting to make arrangements for his wife and family would be more than invaluable to him.

8. Mr. Pippin has been cooperative with all authority figures and agencies in this matter.

He gave a statement to the investigators and he has never attempted to try and be anything but cooperative with all law enforcement personnel.

Conclusion:

Mr. Pippin, since his prior charges in 1992, received counseling with his family and he was allowed to continue to raise his daughters. Those very daughters, the victims in 1992, have sworn that after the counseling he has never been inappropriate again and in fact he has a good father - daughter relationship with him until today.

Mr. Pippin has not committed any overt act since 1992 which has put any child in danger of any inappropriate sexual behavior. He has contributed to society by becoming a good father, raising his children and supporting his family. He has maintained employment and, according to his employer, has always been a good employee.

Mr. Pippin is has lived in this area for so long that he has no other place to go to and he has no money to attempt to flee the area. In addition he has a history of always cooperating with any and all law enforcement or judicial agencies which he has come in contact with.

Finally, the prosecution has indicated to the undersigned that if he is released he has nothing to lose and he may go sexually abuse a child. First, it has been fourteen years since he was charged with Sexual Abuse of his own two daughters. Since that time there is absolutely no evidence that he has been a danger to anyone including the daughters he raised in his own home. Secondly, Mr. Pippin has an immense amount to lose. As it is if this Honorable Court sentences him to the minium in the plea agreement of 11 years he will be 68 years old upon his release. Clearly, he has the rest of his life to lose by violating the terms of his bond in any manner. He knows that the Court is not bound by the terms of the plea agreement and that the Court could sentence him to a maximum of 40 years. He has every reason to do as ordered or otherwise he will die in prison because of the length of the sentence which could be imposed.

Wherefore, the Defendant does move this Honorable Court to allow him to be free on bond until such time as the sentencing hearing.

Mr. Pippin, has no been working since his incarceration and his wife, who is employed, has no income. Therefore, the Defendant would ask this Honorable Court to set a bond as low as possible including consideration of allowing the Defendant's sister, Julia Webster, to post a property bond.

Respectfully Submitted,

Walter M. Northcutt
Defendant's Attorney
323 Thach Ave.
Auburn, AL. 36830
334-826-0944
NOR027

## CERTIFICATE OF SERVICE

      Comes now the undersigned and does certify that a true copy of this Notice of Intent to Plea was served upon Hon. Susan Redmond of the US attorney's office, by personal delivery in open Court and by placing sending it to her at the address below by placing the same in the United States Mail, postage prepaid.

Hon. Susan Redmond
U.S. Attorney's Office
P.O. Box 197
Montgomery, AL. 36101-0197\

Done this the 3th day of August, 2006.

Walter M. Northcutt