```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF ALABAMA
                   EASTERN DIVISION

UNITED STATES OF AMERICA    )
                            )
     v.                     )   CR. NO. 3:06cr150-T
                            )         (WO)
ERNEST PIPPIN               )
```

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, in the forfeiture allegation of the indictment for forfeiture of property in the above case, the United States sought forfeiture of specific firearms, and counsel for defendant Ernest Pippin having orally informed the court that defendant Pippin does not object,

IT IS HEREBY ORDERED THAT the government's motion for a preliminary order of forfeiture (doc. no. 30) is granted as follows:

1. As a result of the guilty plea to Count 4 the indictment, for which the Government sought forfeiture pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), the defendant shall forfeit to the United States: all firearms and ammunition involved in the commission of the violation of Title 18, United States Code, Section 922(g)(1).

2. The Court has determined that the following firearms are subject to forfeiture pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c); that defendant Ernest Pippin had an interest in such firearms; and, that

the United States has established the requisite nexus between such firearms and such offense:

**One Charter Arms, Undercover, .38 caliber revolver, bearing serial number 542073;**

**One Llama, .380 caliber semi-automatic pistol, bearing serial number A89106;**

**One Excam, GT-27, .25 caliber semi-automatic pistol, bearing serial number M17052;**

**One Chamri, 12 gauge shotgun, bearing serial number 295778;**

**One Stevens, Model 940 shotgun;**

**One Hercules, 410 gauge shotgun; and,**

**One Springfield Armory, Model 1903.**

3.  Upon the entry of this Preliminary Order, the United States Attorney General is authorized to seize the listed firearms, and to conduct any discovery proper in identifying, locating or disposing of the firearms subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4.  Upon entry of this Preliminary Order, the United States Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.  The United States shall publish notice of the Preliminary Order and its intent to dispose of the firearms in such a manner as the United States Attorney General may direct.  The United States

may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject firearms.

6. Any person, other than the above named defendant, asserting a legal interest in the subject firearms may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject firearms, and for an amendment of the Preliminary Order of Forfeiture, pursuant to Title 28, United States Code, Section 2461(c) which incorporates Title 21, United States Code, Section 853(n)(6).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Preliminary Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the subject firearms shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject firearms, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject firearms, any additional facts supporting the petitioner's claim, and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the subject firearms following the Court's disposition of all third-party interests, or, if no such petitions are filed, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2), which is incorporated by Title 28, United States Code, Section 2461(c), for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Preliminary Order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court shall forward two certified copies of this Preliminary Order to the United States Attorney's Office for the Middle District of Alabama.

SO ORDERED this the 10th day of August, 2006.

      /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE