IN THE CIRCUIT COURT OF THE UNTIED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED 2006 SEP 28 A 10: 09

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| VS. | * | CASE NO. 3:06-CR-150-MHT |
| EARNEST PIPPIN. | * | |

### OBJECTION TO PRE-SENTENCE REPORT AND MOTION FOR THE COURT TO CONSIDER ADDITIONAL FACTORS FOR VARIANCE FROM SENTENCING GUIDELINES

Comes now the Defendant, Earnest Pippin, and does file this objection to the pre-sentence report and further said Defendant does move this Honorable Court to vary from the sentencing guidelines based upon the additional factors as set forth herein.

The Pre-Sentence report sets forth that there are no factors for the Court to consider in deciding to vary from the sentencing guidelines. The Defendant does object to said statement and does contend that the factors set forth herein below raise to the level which would allow, and be justifiable reasons, for the Court to vary from the guidelines and sentence the Defendant to jail time less than 11 years.

The Parties did reach an agreement in which the United States set forth that they would not agree to less than 11 years and would not request anymore than 15 years. Hon. Susan Redmond, attorney for the United States, indicating to the undersigned attorney that this Honorable Court could deviate from those guidelines and sentence Mr. Pippin to less than 11 years but it would not be agreed upon in a plea agreement with the Defendant.

Based thereon the Defendant does move this Honorable Court to consider the following factors and to vary from the guidelines and beyond the plea agreement to sentence the Defendant in consideration of the following factors:

### ABILITY TO BE REHABILITATED

Mr. Pippin has shown in the past that he is very capable of being quickly rehabilitated from actions which he has committed.

1. Fourteen years ago Mr. Pippin was convicted of sexual offenses involving his two children.

2. Mr. Pippin underwent court ordered counseling for himself, his family and with his children.

3. Both of his daughters are now adults and both have signed an affidavit, which are attached hereto as Exhibit "A" and "B", in which they say that after Mr. Pippin underwent counseling he never was inappropriate with either of them again and that they do not believe he would be a threat to any other person at this time. His daughters both indicate that they developed a proper father - daughter relationship with their father and have maintained it since that time.

Clearly, Mr. Pippin is capable, able and willing to rehabilitate himself from the actions which he has been incarcerated for committing. He has shown that with the proper counseling and supervision he can correct his wrong behavior and successfully refrain from the same type of actions in the future.

### NO THREAT TO THE COMMUNITY

1. Mr. Pippin's former offenses, which happened over 14 years ago, involved his children which are now adults and have reconciled with Mr. Pippin. At no time has he ever been a threat to any persons, including children, in his community. There has never been any allegations that he has ever made any attempt to contact any person, including children, for any reason especially sexual contact of any type.

2. Mr. Pippin admitted to his probation officer that he had down loaded pictures from the internet but he also informed the Probation officer that he did not ever contact anybody through email, phone, letter or in person in regard to any of the pictures.

3. Mr. Pippin's employer, Jeffrey Gentry, General Manager of Gentry Machine Works, Inc., indicates that Mr. Pippin if very dependable and hard working and that he never showed any indication of the kind of behavior he is being charged with. See Exhibit "C" as attached hereto.

4. His sister, Julia Webster, has indicated that she would be willing to supervise if the Court feels that it is necessary. See Exhibit "D" as attached hereto.

Clearly, Mr. Pippin is not a threat to any person or persons, including children, in the area or community in which he works or lives.

### STABILITY IN THE COMMUNITY

1. Mr. Pippin is a life time residence of the area and his entire family, seven sisters, are located in the Middle District of Alabama.

2. Mr. Pippin has no relations located outside of the Middle District of Alabama and has no means of support outside of the area where he currently resides.

3. As set forth in the Pre-Sentencing report he is employed near where he lives. He owns a small parcel of land and a mobile home with his wife and has no other assets of consequence which allow him to move to any other area.

    4. Mr. Pippin could return to his place of employment with Gentry Machine Works and continue to provide for himself and his wife who is unemployed. As per the Pre-Sentence report Mr. Pippin has worked in the same place for the past six years and worked in the same place prior to that for 9 years until it closed.

    5. His sister, Julia Webster, has indicated that she would be willing to supervise if the Court feels that it is necessary. See Exhibit "D" as attached hereto.

    Clearly, Mr. Pippin is stable in the community in which he now lives and works. He is no threat to move from the area, he would have sufficient supervision in the area, and he could be easily monitored.

### **AGE**

    1. Mr. Pippin is 57 years of age. Mr. Pippin is aware that some type of jail time is required due to his actions.

    2. Mr. Pippin is asking the Court to consider that due to his age he will be beyond a reasonable age to obtain gainful employment if sentenced to a period of 11 years or more.

    Clearly, Mr. Pippin could be rehabilitated in a short amount a time, as was the case with his actions in 1992, and if returned to the community in a short period of time he could still be a positive contributor to his community.

### **COOPERATION WITH AUTHORITIES**

    1. Mr. Pippin has been cooperative with all authority figures and agencies in this matter. He gave a statement to the investigators and he has never attempted to try and be anything but cooperative with all law enforcement personnel.

    2. Mr. Pippin is financially and physically locked into the community he presently resides in.

    Therefore, it is clear that Mr. Pippin would work with, and cooperate with, all authority figures, including his Probation officer and that he would be located in one small area thus his actions will be easy to oversee.

### **CONCLUSION**

    Wherefore, the Defendant does move this Honorable Court to vary from the Advisory Guidelines and grant him a sentence under which he could be quickly rehabilitated and returned to the community where he can provide for his family and be a contributing member of the community.

Respectfully Submitted,

Walter M. Northcutt
Defendant's Attorney
323 Thach Ave.
Auburn, AL. 36830
334-826-0944
NOR027

### CERTIFICATE OF SERVICE

Comes now the undersigned and does certify that a true copy of this Objection and Request for Variance from Sentencing Guidelines was served on following persons by placing the said Document in overnight delivery by the United Parcel Service, postage prepaid, at the following addresses:

| | |
|---|---|
| Hon. Susan Redmond | Terrence Marshall |
| U.S. Attorney's Office | U.S. Probation Officer |
| One Court Square | U.S. Court Complex |
| Suite 201 | One Church Street |
| Montgomery, AL. 36104 | Montgomery, AL. 36104 |

Done this the 27th day of September, 2006.

Walter M. Northcutt