IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| ) | |
| v.                          ) | CRIMINAL ACTION NO. |
| ) |      3:06cr150-MHT |
| ERNEST PIPPIN               ) | |

OPINION AND ORDER

Defendant Ernest Pippin has filed a pro se motion for an extension of time to file a notice of appeal.  For the reasons that follow, that motion will be denied without prejudice.


I. BACKGROUND

On June 14, 2006, Pippin was indicted on pornography- and firearm-related charges.  He subsequently entered into a plea agreement with the United States.  Pursuant to that agreement, Pippin pled guilty and was sentenced by this court to 180 months in prison.  Judgment was entered against Pippin on October 18, 2006.

Pippin now wishes to appeal.  On November 27, that

is, today, the court received his motion to extend time to file notice of appeal. Pippin's only stated reason for the extension was that he

> "is indigent and not able to afford counsel for this appeal. The defendant states that there is excuseable neglect and good cause for his failure to file an earlier Notice of Appeal."

The government has not, as of this date, filed a response.

## II. DISCUSSION

Pippin's motion is governed by the Federal Rules of Appellate Procedure. According to Rule 4, Pippin was required to file a notice of appeal with the district court within ten days of the entry of the judgment against him. Fed. R. App. P. 4(b)(1)(A)(i). The docket reflects that this court entered its judgment against Pippin on October 18, 2006. Under Rule 26, the ten-day time period for filing a notice of appeal excludes weekends and holidays. Fed. R. App. P. 26(a).

Therefore, the last day Pippin could have filed a timely notice of appeal was November 1, 2006.

Should a defendant wish to file an untimely notice of appeal, the district court may extend the time to file the notice of appeal upon a finding of excusable neglect or good cause. Fed. R. App. P. 4(b)(4). The excusable neglect standard is a relatively forgiving one. See Advanced Estimating Sys., Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996); see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380 (1993). However, indigence and pro se status alone are not sufficient for a finding of excusable neglect or good cause. In order to reach a justified finding of excusable neglect, the court must "take account of all relevant circumstances surrounding the party's omission, including the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and

whether the movant acted in good faith." <u>Advanced Estimating System</u>, 77 F.3d at 1325 (internal quotation marks and brackets omitted). Here, Pippin has not provided the court with any reason why it should extend his time to file a notice of appeal, other than the fact that he is without counsel. This is not enough. Pippin must provide a specific and meritorious reason why, in this particular case, he failed to file a notice of appeal on or before November 1, 2006. Without more information about the reason for Pippin's delay, the court cannot make the findings required by Rule 4.

Pippin does not have much time left. Under Rule 4, the district court may extend the time to file notice of appeal by no more than 30 days from the expiration of the ten-day time period. Fed. R. App. P. 4(b)(4). As stated, Pippin's ten-day time period ended November 1. Under Rule 26, any time period not less than 11 days does not exclude weekends or holidays. Fed. R. App. P. 26(a). Therefore, the court cannot extend the time period for

Pippin's notice of appeal beyond December 1, 2006.

If, by December 1, Pippin files a renewed motion to extend time, with a meritorious statement of excusable neglect or good cause, accompanied by a notice of appeal, this court will still have jurisdiction to grant the motion and accept the notice. The court notes that such filings will be timely if deposited in the internal mail system of Pippin's facility of confinement on or before December 1 in compliance with Rule 4(c) of the Federal Rules of Appellate Procedure.

\* \* \*

Accordingly, it is ORDERED that defendant Ernest Pippin's motion to extend time (doc. no. 66) is denied without prejudice.

DONE, this the 27th day of November, 2006.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE